UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Zakariya Abdikarim, | Case No. 26-cv-1890 (JRT/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jesse Pugh, in his official capacity as Warden of Moose Lake Detention Facility; Todd Lyons, in his official capacity as Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations Washington Field Office; Pam Bondi, in her official capacity as Attorney General of the United States; Markwayne Mullin, Secretary of Homeland Security; and Sarah Rykken, A/W Operations, | |
| Respondents. | |
| Zakariya Abdiwahab Abdikarim, | Case No. 26-cv-2021 (JRT/LIB) |
| Petitioner, | |
| v. | |
| U.S. Immigration and Customs Enforcement; Markwayne Mullin; and Pam Bondi, | |
| Respondents. | |

---

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Zakariya Abdiwahab Abdikarim's Petitions for a writ of habeas corpus.

Petitioner Zakariya Abdikarim is currently serving a lengthy sentence in state prison after being convicted on drug charges, see State v. Abdikarim, No. 56-CR-24-395 (Minn. Dist. Ct.), and on a charge of fleeing a peace officer in a motor vehicle, State v. Abdikarim, No. 14-CR-24-982

(Minn. Dist. Ct.). Petitioner is also subject to a final order of removal from the United States. The federal government has notified the State of Minnesota that it intends to detain Petitioner after his state sentence of imprisonment has been completed.

In two separate petitions for a writ of habeas corpus, Petitioner argues that any detention that might someday be imposed as a result of the final order of removal would be unlawful, because his removal from the United States is not reasonably likely to be carried out.[1] Those habeas petitions are now before the Court on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] As a result of that review, this Court recommends that both habeas petitions be denied and these matters dismissed.

The habeas petition filed by Petitioner in the first-filed action (26-cv-1890) is a document prepared on behalf of another habeas petitioner in an unrelated case; Petitioner has crossed out the name of the other petitioner and written his own throughout the petition and, in a similar manner, altered a small number of the details in that petition by hand. The habeas petition was originally filed by a person who had been subject to a final order of removal and who had remained in the custody of the federal government for more than six months after the order of removal had become administratively final. In that petition, the original petitioner argued that his removal from the United States was not reasonably foreseeable and that, pursuant to Zadvydas v. Davis, 533 U.S.

---

[1] Petitioner has also filed a third habeas corpus petition challenging the effect of the federal government's detainer request as it relates to the amount of time that Petitioner will remain in state prison. See Abdikarim v. Schnell, No. 26-cv-2052 (JWB/ECW). The habeas petitions now before the Court, however, relate only to the lawfulness of future detention of Petitioner by the federal government based on the final order of removal. The lawfulness and the duration of Petitioner's ongoing term of imprisonment, as imposed and carried out by the State of Minnesota, is not at issue in the present cases and can be fully litigated in the remaining habeas proceeding that Petitioner has filed.

[2] Petitioner is "a person in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), but the custody that he challenges in these actions is not his ongoing custody pursuant to the state court judgment, but future custody unrelated to that judgment. Regardless of whether the habeas petitions in this matter are brought under § 2254, the petitions may be reviewed pursuant to the Rules Governing Section 2254 Cases. See Rule 1(b).

678 (2001), he should be released until such time that his removal could be effectuated. See generally Petition [Docket No. 1], Case No. 26-cv-1890.

The factual circumstances described in the first habeas petition do not bear any resemblance to the factual circumstances in which Petitioner now finds himself. Petitioner does not remain in the custody of the federal government. Petitioner is in custody for having violated the laws of the State of Minnesota, and his custody is being effected through facially lawful state-court judgments that are not in dispute. The first habeas petition—which, again, was not prepared for Petitioner or by Petitioner on his own behalf—simply does not relate to anything relevant to Petitioner's current situation.

Petitioner's second habeas petition—which, unlike the first habeas petition, was prepared by Petitioner himself—is more comprehensible. Petitioner alleges that he was made subject to a final order of removal in 2017, but that the order could not be carried out and that he has been granted withholding of removal. Following his conviction in state court, U.S. Immigration and Customs Enforcement "put a detainer on" Petitioner, (Petition at [Docket No. 1] at 5, Case No. 26-cv-2021), asking that the federal government be notified of Petitioner's eventual release from state custody so that Petitioner could be taken immediately thereafter into federal custody. Petitioner does not believe that any return to federal custody would be lawful, as it remains the case that his removal cannot be effectuated, and he asks that the Court issue a writ of habeas corpus declaring that future immigration detention unlawful.

This Court concludes that the claims raised by Petitioner in these matters are, at best, premature. In Zadvydas, the Supreme Court concluded that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." Zadvydas, 533 U.S. at 699-700. At present, Petitioner is scheduled to spend the next

several years in state prison serving a term of imprisonment for having violated the laws of the State of Minnesota. The lawfulness of Petitioner's detention after that term of imprisonment has concluded will depend upon whether, at that time, Petitioner's removal from the United States has become reasonably foreseeable. Neither Petitioner, nor the Court, nor anyone else has any way of knowing whether, years from now, Petitioner's removal might become reasonably foreseeable. Accordingly, neither Petitioner, nor the Court, nor anyone else has any way of knowing whether the future detention of Petitioner by immigration authorities might be lawful at the time that the detention is effected. The Court concludes that the two habeas petitions filed in this matter should be denied without prejudice on that basis.

Finally, in the first proceeding, Petitioner filed—at the same time that he filed his habeas petition—a "motion to amend habeas corpus" and a request to "dismiss the previous habeas corpus." See Docket No. 3 at 1, Case No. 26-cv-1890 (JRT/LIB). It is not entirely clear to what "previous habeas matter" Petitioner might have been referring; no habeas proceeding was then pending before the Court on the date that he filed his first habeas petition. To the extent that Petitioner asks to amend his habeas petition, it is recommended that the motion be denied, both because Petitioner has already filed a second habeas petition (which may have been his attempt to amend the initial habeas petition), and because no potential further amendment to the habeas petition could plausibly result in Petitioner being afforded the habeas relief that he seeks in these proceedings. It is simply too early for Petitioner to challenge the lawfulness of immigration-related detention that may be effected several years from now, the legality of which depends upon circumstances outside the control and the knowledge of both Petitioner and the government. No amendment to the pleading could fix that problem.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.   The petition for a writ of habeas corpus of petitioner Zakariya Abdikarim filed in Case No. 26-cv-1890 (JRT/LIB) be **DENIED without prejudice**.

2.   Petitioner's motion to amend and dismiss, [Docket No. 3], in Case No. 26-cv-1890 (JRT/LIB) be **DENIED**.

3.   Abdikarim's petition for a writ of habeas corpus filed in Case No. 26-cv-2021 (JRT/LIB) be **DENIED without prejudice**.

Dated: April 7, 2026                         s/Leo I. Brisbois
                                             Hon. Leo I. Brisbois
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  See Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).